IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                                     OPINION and ORDER

GLORIA E. BENJAMIN, and ST. CROIX                 24-cv-370-jdp
CHIPPEWA INDIANS OF WISCONSIN,

                Defendants.

---

The United States brought this action to foreclose on real property held in trust and leased to Gloria E. Benjamin by the St. Croix Chippewa Indians of Wisconsin. Benjamin executed a leasehold mortgage in 2008 that secured a loan for Benjamin to buy the property, but Benjamin's lease with the St. Croix Chippewa Tribe gave the Tribe the right of first refusal to acquire her interest in the property if Benjamin defaulted. The Tribe timely responded to the United States' complaint, but Benjamin did not. Benjamin is in default, which she now asks the court to set aside. Dkt. 15.

Here's the background to her default. Three weeks after the deadline passed for Benjamin to respond to the complaint, the United States moved for entry of her default, and the clerk entered default as to Benjamin. Dkt. 10. About a week later, Benjamin appeared without counsel at the preliminary pretrial conference and said she had received the papers from the court but had not responded because she did not fully understand them. Dkt. 14. The court explained that if Benjamin wanted to have the court set aside the default, she would need to file a motion with the court, either with an attorney or by herself, and set a deadline of November 9, 2024, for her to do so. On October 30, Benjamin, then represented by counsel,

moved to set aside the entry of default. Dkt. 15. The United States and the Tribe both oppose Benjamin's motion. Dkt. 16; Dkt. 18.

Benjamin has not shown that she had good cause for ignoring the complaint or that she could assert a meritorious defense to the complaint if the court were to grant her relief. The court will deny Benjamin's motion to set aside the clerk's entry of default against her.

## ANALYSIS

A party seeking to vacate an entry of default under Federal Rule of Civil Procedure 55(c) must show three things: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630 (7th Cir. 2009) (*citing Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir.1994)). Courts favor resolution on the merits, so the standard is applied liberally. *Id.* Whether to set aside a default is a matter for the court's discretion, which requires the court to consider whether default judgment is an appropriate sanction for the conduct that led to the default. *Sims v. EGA Prod., Inc.*, 475 F.3d 865, 868 (7th Cir. 2007).

Benjamin acted quickly to set aside the default after she received notice of the default, so she has satisfied the second element. But the other parties contend that Benjamin has not shown that she had good cause for failing to respond to the complaint or that she has a meritorious defense.

Benjamin's reason for the default and her defense to the complaint boil down to the same contention: she believed that the Tribe had agreed to pay the mortgage and so she did not understand that she needed to respond to the complaint. Dkt. 15. The other parties' submissions contest that the Tribe paid off her mortgage or agreed to do so. Dkt. 16; Dkt. 18.

Benjamin did not file any reply. The court concludes that Benjamin has not shown good cause for her default or a meritorious defense to the United States' foreclosure action.

As for good cause, Benjamin contends that she "was not aware of the procedures involved in the legal action and had relied upon the St. Croix tribe to pay off the subject mortgage." There are two parts to Benjamin's contention: (1) that Benjamin's lack of knowledge about the legal system, and (2) that Benjamin did not know that she needed to respond to the complaint because she believed the Tribe was handling issues related to the mortgage. Benjamin's first reason does not establish good cause because ignorance of the rules of ordinary civil litigation does not excuse failure to meet filing deadlines, even for unrepresented individuals. *McNeil v. United States*, 508 U.S. 106, 113 (1993). Benjamin received correspondence from the United States and then formal service of the complaint that explain that the United States had named her as a defendant in this case and that she needed to respond to the lawsuit. Dkt. 17-1, at 2; Dkt. 17-2, at 2; Dkt. 180. In particular, the summons that Benjmain was served with stated that she needed to respond within 21 days or judgment by default would be entered against her. Dkt. 5. All Benjmain had to do to learn that she needed to respond to the complaint was read the papers that she received.

As for Benjamin's second argument, Benjamin's belief that the Tribe would pay off the mortgage may explain why she did not act sooner when she received correspondence that informed her that she needed to respond to the lawsuit or have default entered against her. But that is not good cause for her to fail to respond to the complaint by the deadline set out in the summons.

As for whether Benjamin has a meritorious defense, Benjamin contends that she "has a viable defense to the allegation as the tribal council agreed to pay off the subject mortgage"

3

and that "[t]he mortgage (attached to complain[t]) has what appears to be an indemnification agreement as well as rights of reinstatement. (Exhibit C)." Dkt. 15. Benjamin did not provide any evidence to support these assertions. But, in support of the Tribe's opposition to Benjamin's motion, the Chairperson for the Tribal Council submitted an affidavit saying that he is familiar with the day-to-day decisions of the Tribal Council and that he is unaware of the Tribe ever agreeing to provide funds to Benjamin "to satisfy her mortgage obligations." Dkt. 19. Benjamin failed to respond to this affidavit. As for her contention about the indemnification agreement, there is no indemnification provision in the mortgage at issue in this case. The only parties to the mortgage agreement are Benjamin and Wells Fargo Bank, N.A., which provided her a loan to buy the property at issue. Dkt. 1-4. Nothing in the mortgage says that anyone other than Benjamin is make payments on the mortgage. Because the property in question is on the St. Croix Chippewa Indian Reservation, Benjmain has a separate lease agreement with the Tribe. Dkt.1-2. The lease gives the Tribe the right of first refusal to acquire Benjamin's interest in the property if she defaulted on her mortgage. But the Tribe did not exercise that right, and nothing in the lease obligates the Tribe to pay the mortgage on Benjamin's behalf.

Benjmain has not shown that she had good cause for ignoring the deadline to respond to the complaint and has not shown that she has a viable defense to the United States' foreclosure action. So the court will deny Benjamin's motion to set aside the clerk's entry of default.

ORDER

IT IS ORDERED that defendant Gloria Benjamin's motion to set aside the clerk's entry of default is DENIED.

Entered November 25, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge